IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICE MUHAMMAD,   No. 2:13-CV-0153-CMK-P

      Petitioner,

  vs.   ORDER

RALPH M. DIAZ,

      Respondent.

_____/

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1).

      Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief. In particular, the exhaustion of available state remedies is required before claims can be presented to the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). A petitioner

can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. See Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

Upon review of the instant petition, the court concludes that petitioner has not exhausted state court remedies. In particular, petitioner has raised a claim regarding exculpatory evidence, which is also raised in the instant federal petition, in the superior court. He also states that the claim was denied, but he does not state that he sought further review in either the California Court of Appeal or the California Supreme Court. Because petitioner has not pursued his claim through to the highest state court, the claim is unexhausted.[1]

Based on the foregoing, petitioner is required to show cause in writing, within 30 days of the date of this order, why his petition for a writ of habeas corpus should not be summarily dismissed, without prejudice, for failure to exhaust state court remedies. Petitioner is warned that failure to respond to this order may result in dismissal of the petition for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders. See Local Rule 110. If petitioner agrees that this action should be dismissed without prejudice to renewal following exhaustion of his claims in state court, he should file a request for voluntary

---

[1] Petitioner raises other claims which appear to be exhausted. Thus, the petition is a "mixed" petition. When faced with petitions containing both exhausted and unexhausted claim (mixed petitions), the Ninth Circuit held in Ford v. Hubbard that the district court is required to give two specific warnings to pro se petitioners: (1) the court could only consider a stay-and-abeyance motion if the petitioner chose to proceed with his exhausted claims and dismiss the unexhausted claims; and (2) federal claims could be time-barred upon return to federal court if he opted to dismiss the entire petition to exhaust unexhausted claims. See 330 F.3d 1086, 1099 (9th Cir. 2003). However, the Supreme Court held in Pliler v. Ford that the district court is not required to give these particular warnings. See 542 U.S. 225, 234 (2004). Furthermore, the district court is not required to sua sponte consider stay and abeyance in the absence of a request from the petitioner, see Robbins v. Carey, 481 F.3d 1143, 1148 (9th Cir. 2007), or to inform the petitioner that stay and abeyance may be available, see Brambles v. Duncan, 412 F.3d 1066, 1070-71 (9th Cir. 2005). Therefore, in the absence of a stay-and-abeyance motion, the district court should dismiss mixed petitions and need not provide any specific warnings before doing so. See Robbins, 481 F.3d at 1147 (citing Rose, 455 U.S. at 510 (holding that the petitioner has the "choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court")). Petitioner has not filed a stay-and-abeyance motion in this case.

dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1).

        IT IS SO ORDERED.


DATED: January 31, 2013

                                                            **CRAIG M. KELLISON**
                                                            UNITED STATES MAGISTRATE JUDGE