IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE MUHAMMAD, | No. 2:13-CV-0153-JAM-CMK-P |
|     Petitioner, | |
|   vs. | ORDER |
| RALPH M. DIAZ, | |
|     Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On January 31, 2013, the court directed petitioner to show cause in writing why this petition should not be summarily dismissed for failure to exhaust state court remedies. The court stated:

> . . .[P]etitioner has raised a claim regarding exculpatory evidence, which is also raised in the instant federal petition, in the superior court. He also states that the claim was denied, but does not state that he sought review in either the California Court of Appeal or the California Supreme Court. Because petitioner has not pursued his claim through to the highest state court, the claim is unexhausted.

///

In response to the order to show cause, petitioner states that his exculpatory evidence claim was exhausted when it was denied by the California Supreme Court but that he did not include this order with his original petition because it was a "postcard" denial with no explanation. In support, petitioner attaches an order from the California Supreme Court which, according to petitioner, is the final order on his exculpatory evidence claim. While it is not certain that the exculpatory evidence claim has in fact been exhausted, the record no longer clearly demonstrates the lack of exhaustion as it did before additional evidence was proffered by petitioner in response to the court's order to show cause. Thus, summary dismissal for lack of exhaustion is not appropriate and the order to show cause will be discharged.

The court has examined petitioner's petition as required by Rule 4 of the Federal Rules Governing Section 2254 Cases. It does not plainly appear from the petition and any attached exhibits that petitioner is not entitled to relief. See id. Respondent(s), therefore, will be directed to file a response to petitioner's petition. See id. If an answer to the petition is filed, such answer must comply with Rule 5 of the Federal Rules Governing Section 2254 Cases. Specifically, an answer shall be accompanied by any and all transcripts or other documents relevant to the determination of the issue(s) presented in the petition. See id. Failure to file a response within the time permitted by this order may result in the imposition of appropriate sanctions. See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

    1.    The court's January 31, 2013, order to show cause is discharged;

    2.    Respondent(s) shall file a response to petitioner's petition within 60 days from the date of service of this order;

    3.    Petitioner's traverse or reply (if an answer to the petition is filed), if any, or opposition or statement of non-opposition (if a motion in response to the petition is filed) shall be filed and served within 30 days of service of respondent's response; and

/ / /

4. The Clerk of the Court shall serve a copy of this order, together with a copy of petitioner's petition for a writ of habeas corpus and the court's Order re: Consent or Request for Reassignment on Michael Patrick Farrell, Senior Assistant Attorney General.

DATED: May 1, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE