IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE MUHAMMAD,<br><br>      Petitioner,<br><br>  vs.<br><br>JOE PILKINGTON, Correctional Commander, Delano Modified Community Correctional Facility,<br><br>      Respondent. | No. 2:13-cv-00153-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 36] |

  In an order dated June 19, 2014, this Court denied Maurice Muhammad, a state prisoner proceeding *pro se*, habeas corpus relief. Docket Nos. 33, 34. The Court, however, granted Muhammad a certificate of appealability with respect to his interrelated claims that the trial judge prejudiced the jury with comments about the capture and death of Osama bin Laden and that trial and appellate counsel were ineffective for failing to alleviate any potential problems caused by the judge's comments. *Id.* At Docket No. 36, Muhammad filed a letter dated August 21, 2014, which was docketed on September 11, 2014, requesting information from this Court. In that letter, Muhammad asserts that he sent a letter to the Ninth Circuit Court of Appeals requesting permission to file his appellate brief, but the Ninth Circuit failed to respond, and he is unsure how to proceed. Docket No. 36. The record indicates, however, that Muhammad has not yet filed a notice of appeal with this Court, which is the first step required for appealing from this Court's denial of his habeas petition. *See* FED. R. APP. P. 4(a)(1)(A); Rule 11(b), Rules Governing Section 2254 Cases in the United States District Court (Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order, and a timely notice of appeal must be filed even if the district court issues a certificate of appealability). A notice of appeal from a

judgment rendered under 28 U.S.C. § 2254 must be filed within 30 days after entry of the judgment.  FED. R. APP. P. 4(a)(1)(A).  Because more than 30 days have elapsed since this Court denied Muhammad habeas relief, this Court will construe Muhammad's motion as a request for an extension of time to file a notice of appeal.

Federal Rule of Appellate Procedure 4(a)(5) provides that the Court may extend the time to file a notice of appeal when two conditions are met.  First, the motion seeking an extension must be made no later than 30 days after the expiration of the time originally prescribed by Rule 4(a) (in this case, the request for an extension must be made within 60 days after the judgment was entered because the time originally prescribed by Rule 4(a) is 30 days).  FED. R. APP. P. 4(a)(5)(A)(i).  Second, the party seeking the extension must show "excusable neglect or good cause."  FED. R. APP. P. 4(a)(5)(A)(ii).  In any event, no extension under Rule 4(a)(5) may exceed 30 days after the expiration of the time originally prescribed by Rule 4(a), or 14 days after the date when the order granting the motion is entered, whichever is later.  FED. R. APP. P. 4(a)(5)(C).

Muhammad's request for an extension to file a notice of appeal was made more than 60 days after the entry of this Court's June 19, 2014, order, and accordingly must be denied.  *See Pettibone v. Cupp*, 666 F.2d 333, 334 (9th Cir. 1981) ("The 30-day time limit of Rule 4(a) is mandatory and jurisdictional.").

**IT IS THEREFORE ORDERED THAT** the motion for an extension of time to file a notice of appeal at Docket No. 36 is **DENIED**.  If Muhammad wishes to appeal to the Ninth Circuit Court of Appeals, he must do so do so within 30 days of the entry of this order.  FED. R. APP. P. 4(a)(1)(A).  He should include with that appeal a copy of the appellate brief which he claims he has already prepared.

Dated: September 22, 2014.

      /s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge